MURDOCK, Justice
(concurring specially).
I write separately to note the inappropriateness of the bifurcation of the claim asserted- by Privilege Underwriters Reciprocal Exchange (“PURE”) seeking a judgment declaring that Peter Grayson is not entitled to coverage- and Grayson’s counterclaim seeking money damages from PURE.
To begin, Grayson’s counterclaim is a compulsory counterclaim. On that basis alone, it may be said that the bifurcation of the trial of Grayson’s counterclaim and PURE’s original claim defeats the purposes of Rule 13(a), Ala.: R. Civ. P., including the avoidance of duplicative litigation and inconsistent results,
But the inappropriateness of'the bifurcation in this case is based on an even more fundamental inseparability of the claims being asserted by the two parties. Gray-son’s assertion that he is entitled to coverage is simply part and parcel of his claim for money damages for not having been extended that coverage by PURE, Thus, PURE’s claim against Grayson asserting that Grayson is not entitled to coverage and Grayson’s claim against PURE asserting, that he is'entitled to coverage are “mirror images” of one another. The essential defense posed by each party—a simple and direct denial of the essential assertion of the other party’s claim—is synonymous with the essential assertion that that party makes in its own affirmative claim against the other party. The claim and counterclaim in this case are one and the same. The bifurcation of those claims, which forms the basis for this appeal, never should have happened.